# James H. Fairchild

## v.

# Michigan Central Railroad Company.

1. Contracts—Power of attorney to make.—An attorney employed by a party to defend a suit is vested with the authority ordinararily appertaining to that relation. He is authorized to take such steps as are necessary to a proper defense of the suit, among which may fairly be included the sueing out of a commission to take depositions, and the employment of a competent person to execute such commission.

2. Fees for taking deposition.—There is no statute limiting or regulating the fees of commissioners employed here to take depositions in suits pending in other states.

3. Quantum meruit—Proof of services.—Statements of what the witness himself would have charged for a similar service, furnish no criterion for determining the reasonable value of the plaintiff's services, and should not be admitted in evidence.

Appeal from the Superior Court of Cook county; the Hon. R. S. Williamson, Judge, presiding. Opinion filed June 14, 1881.

The plaintiff, James H. Fairchild, brought suit against the Michigan Central Railroad Company, before a justice of the peace of Cook county, and recovered judgment for $50 and costs. On appeal to the Superior Court, a trial was had before the court and a jury, resulting in a verdict in favor of the plaintiff for $25, and a judgment for that sum and costs. From this judgment the plaintiff has appealed to this court.

The action was for services rendered by the plaintiff for the defendant as commissioner, in taking the deposition of a certain witness, resident in Cook county, to be read in evidence on the part of the defendant, on the trial of a certain suit then pending in the circuit court for the county of Washtenaw, in the State of Michigan, in which one Christina Eckard was plaintiff and the said Michigan Central Railroad Company was defendant. It appears that in January, 1880, a commission to take the deposition of said witness was sued out of said circuit court by the attorneys for the defendant, directed to the

plaintiff in this suit to execute; and that in pursuance of said commission, the plaintiff took, certified and returned said deposition, and the controversy here is as to the amount of compensation to which he is entitled for his services.

There was no special contract between the parties in relation to this matter before the deposition was taken, but the evidence shows that one of the attorneys for the defendant in the Michigan case employed the plaintiff to take it, and was present a portion of the time while the witness was being examined; that after the deposition was completed, and while it still remained in the plaintiff's hands and under his control, said attorney inquired of the plaintiff as to the amount of his charges, and was told that it was $50; that said attorney thereupon replied that he considered such charge reasonable, and agreed that it should be paid. After receiving such promise, the plaintiff transmitted the deposition to the court from which the commission issued. The plaintiff is a lawyer of over twenty years practice, and he testifies that his services in taking the deposition were worth $50.

The only witnesses called for the defendant were two stenographers, whose usual employment is to report the testimony of witnesses taken on oral examinations, but who claim to have had some experience in taking depositions. Neither of these witnesses attempts to give an opinion as to the reasonable value of the plaintiff's services, but both were permitted, against the plaintiff's objection and exception, to state what their charges would have been for doing the same work. The remaining facts are stated in the opinion of the court.

Mr. JOHN J. BUNSTINE, for appellant; that the authority conferred upon an attorney includes all the necessary and usual means of executing it with effect, cited Story on Agency, § 58; Foster v. Wiley, 27 Mich. 244; Clark v. Randall, 9 Wis. 128.

It is error to give an instruction based upon rejected testimony: Pleasants v. Scott, 21 Ark. 375; Norfleet v. Sigman, 41 Miss. 631; United States v. Breitling, 20 How. 254; Little Miami R. R. Co. v. Whitmore, 19 Ohio St. 110.

Fairchild v. M. C. R. R. Co.

BAILEY, J.   If the evidence establishes a valid contract between the parties fixing the amount of the plaintiff's compensation for taking the deposition in question, such contract must govern, and proof of value, other than that so fixed, cannot be considered.   The plaintiff testifies that while the deposition was still in his hands and under his control, there was an agreement between him and the defendant's attorney, fixing the amount to be paid him at $50.   This testimony is not contradicted; but it is urged that the attorney, in making such agreement, transcended the limits of his authority and did not bind his client.   That he was the attorney for the defendant in the suit in which the deposition was taken is proved, and is not disputed; and it will be presumed that he was vested with the authority ordinarily appertaining to that relation.   He was clearly authorized to take all such steps as were necessary to a proper defense of the suit; among which may fairly be included the suing out of a commission to take the deposition of a non-resident witness, as well as procuring the services of a suitable person to execute such commission.   This seems to be conceded, as the defendant does not contest the propriety of its attorney's acts in suing out the commission, or in employing the plaintiff to take the deposition.

We know of no statute limiting or regulating the fees of commissioners employed here to take depositions in suits pending in other States, and in the absence of such statutory regulation, we see no reason why an authority to engage the services of a commissioner, does not carry with it, an as an incident, power to stipulate with him as to the amount of his compensation.   In this case, the evidence that such stipulation was made being undisputed, the plaintiff is entitled to recover the full amount of the price agreed upon, and the verdict of the jury in failing to award that sum is contrary to the evidence, and should have been set aside.

But even if it should be conceded that the agreement in question is invalid, the judgment must still be held to be erroneous.   In the absence of a special agreement, the plaintiff would be entitled to recover such sum as his services were reasonably worth.   His own evidence is that they were reason-

ably worth $50. The only evidence in conflict with this is that of the two stenographers who testified for the defendant; and they do not attempt to give an opinion as to the value of the plaintiff's services, but state what their own charges would have been for doing the same work. What they would have charged furnishes no criterion for determining the reasonable value of the plaintiff's services, and is wholly immaterial. It was error, therefore, to admit their testimony on that subject against the plaintiff's objection.

One of these witnesses it is true, testifies that the price he would have charged was the usual price among stenographers. Even if this is to be regarded as equivalent to a statement that the sum mentioned would have been the reasonable value of a stenographer's services for doing the work, we do not think such evidence sufficient to overcome the plaintiff's testimony as to the reasonable value of the services performed by him. The defendant did not see fit to employ a stenographer to take the deposition, but a lawyer of many years experience in the practice of his profession, and whose acquaintance in legal proceedings and with the forms prescribed by law for taking, certifying and returning depositions, may have rendered him much better qualified for the performance of the required service than a mere short-hand writer. The defendant having availed itself of the plaintiff's professional knowledge and experience, cannot be permitted to measure his compensation by such sum as would have secured the services of a commissioner possessing none of these peculiar qualifications. In this view it is clear that the preponderance of the evidence as to the reasonable value of the plaintiff's services is with the plaintiff.

For the reasons above stated the judgment must be reversed, and the cause remanded.

Judgment reversed.